UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT ANDREW REED, )<br>)<br>Petitioner, )<br>)<br>)<br>)<br>WANDA PATTEN, )<br>*Warden*, D.C. Jail )<br>)<br>Respondent. ) | Civil Action No.  21-3223 (UNA) |

### MEMORANDUM OPINION

Petitioner is an inmate at the District of Columbia Jail. Appearing pro se, he has filed an application to proceed in forma pauperis and a "Petition Under Title 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody." For the following reasons, this case will be dismissed.

Petitioner challenges his 2010 conviction and sentence following a jury trial in the Superior Court of the District of Columbia. See Pet. at 1-2. Unlike prisoners challenging State or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted).

The local remedy, D.C. Code § 23-110, "establishe[s] a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). As relevant here,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not

1

> be entertained by . . . any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).  The D.C. Circuit has interpreted that provision as "not [simply] a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve."  Ibrahim v. United States, 661 F.3d 1141, 1146 (D.C. Cir. 2011).  In other words, D.C. Code § 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)."  Williams v. Martinez, 586 F.3d 995, 998 (D.C. Cir. 2009).  Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack," and they may be raised by motion in D.C. Superior Court "at any time."  D.C. Code §§ 23-110(a), (b)(1).

Petitioner appears to assert that his conviction and sentence were obtained fraudulently.  See Pet., ECF No. 1 at 2, 9.  Such claims based on trial error are cognizable under D.C. Code § 23-110(a).  See Adams v. Middlebrooks, 810 F. Supp. 2d 119, 123-24 (D.D.C. 2011).  It is unclear if Petitioner has pursued collateral relief in Superior Court.  Even so, he has not shown the inadequacy of the local remedy available to test the legality of his detention.  Consequently, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

                                                         _____s/_____
                                                       CHRISTOPHER R. COOPER
Date:  December 16, 2021                  United States District Judge